compel another to respond to him in damages for an injury resulting from a negligent act that required his co-operation, and in the performance of which he is equally guilty. The violation of a duty imposed by statute is well recognized in this State as supporting the defense of contributory negligence, if it in fact contributed to the injury. The pleader in this count intends to charge a common-law liability arising from the violation of this statute by the defendant, which violation is proof of negligence. The count necessarily contains the averment of due care on the part of plaintiff. If the violation of this statute is negligence, causing or contributing to the injury in question, then plaintiff on his own showing was guilty of contributory negligence.

We hold the demurrer was improperly sustained to each of the first four counts, and properly sustained to the fifth count.

The judgment is therefore reversed and the case remanded for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*

---

### Roger C. Sullivan, Plaintiff in Error, v. Illinois Publishing & Printing Company, Defendant in Error.

#### Gen. No. 5,831. (Not to be reported in full.)

Error to the Circuit Court of Peoria county; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed April 15, 1914. *Certiorari* denied by Supreme Court (making opinion final).

#### Statement of the Case.

Action for libel by Roger C. Sullivan against Illinois Publishing and Printing Company, a corporation, William Randolph Hearst and Andrew M. Lawrence. The individual members were not found and service

was had upon an agent of the defendant corporation. An amended declaration was filed to which a demurrer was sustained followed by a judgment for the defendant corporation. To reverse the judgment, plaintiff brings error.

The declaration alleged that plaintiff was injured in his reputation and good name by a certain libelous publication concerning plaintiff in a newspaper, to wit, Chicago Examiner. The publication read in the light of the averments in the declaration was to the effect that there had been a prolonged heated contest in the legislature over the election of a United States senator; that a Republican, William Lorimer, had been elected by the aid of votes of Democratic members; that bribery of these members had been charged and some of them had been indicted on that charge; that plaintiff was a leader in the Democratic party and had used his power and influence to procure for the successful candidate the votes of members controlled by him and was active in procuring bail and counsel for those that had been so indicted; that theretofore he had joined in bipartisan movements in public elections and was a friend of William Lorimer in his election.

There were six innuendoes in which clauses of the article were charged to mean: That plaintiff had participated in bribing members of the General Assembly; that he had contributed money used to buy the votes of members; that he knew members had been bribed and participated therein; that he knew a certain member was guilty of bribery; that he had engaged an attorney to protect those charged with bribery for the reason that he, himself, had participated in such bribery and feared exposure by those so bribed if he did not assist in defending them.

QUINN, QUINN & McGRATH and CLARENCE W. HEYL, for plaintiff in error.

ELWOOD & MEEK and ROY D. KEEHN, for defendant in error.

MR. JUSTICE CARNES delivered the opinion of the court.

## Abstract of the Decision.

1. LIBEL AND SLANDER, § 96*—*effect of innuendo.* Where by innuendo a particular meaning is ascribed to words, the plaintiff is not at liberty to reject that meaning upon the trial and resort to another. The innuendo gives a character to the libel which becomes a part of the issue.

2. LIBEL AND SLANDER, § 100*—*when declaration insufficient on demurrer.* In an action for libel, where the declaration contained innuendoes charging the article published to mean that plaintiff as a political leader was guilty of bribery and of a guilty connection with an attempt to bribe members of the legislature, *held* that demurrers to the declaration were properly sustained, that the language of the article could not be reasonably understood as construed by the innuendoes, and that the language was not actionable *per se* though the innuendoes could be rejected as surplusage, there being no special damage alleged and the words not charged to be published with reference to plaintiff's calling or trade.

3. LIBEL AND SLANDER, § 3*—*what to be considered in determining whether language is libelous.* That political leaders are subject to much criticism and ridicule not taken seriously by the reading public should not be lost sight of in determining whether any given article tends to impeach the honesty, integrity, virtue or reputation of such a person, and thereby to expose him to public hatred, contempt, ridicule or financial injury, which it must be *held* to do to fall within the statutory definition of libel.

4. ABATEMENT AND REVIVAL, § 31*—*sufficiency of plea to jurisdiction of court.* In an action against a corporation where service was had upon an agent of the corporation and defendant filed a plea to the jurisdiction of the court averring it was not a resident of the county where served, *held* that a demurrer to the plea was not improperly sustained; that if the corporation was not doing business in such county and had no office or agent located there and the agent served was there on his own business or pleasure, such fact should have been more specifically pleaded.

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.