DAVIDSON BROTHERS COMPANY, Appellee, v. DES MOINES CITY RAILWAY COMPANY, Appellant.

**NEGLIGENCE: When Finding Not Disturbed on Appeal.** Defendant's negligence having been found by the jury, such finding will not be disturbed on appeal if the evidence, when given its most favorable construction in plaintiff's behalf, affords any reasonable or substantial support therefor. Evidence reviewed and held to support the jury's finding that a street railway, in running its car around a street corner and into a vehicle was negligent.

**NEGLIGENCE: Vehicle in Known Place of Danger—Contributory Negligence.** Placing a vehicle in a public street in position where it can be hit by a passing street car is not necessarily contributory negligence. Evidence reviewed and held to show that the driver was not negligent *per se* in so placing his delivery truck.

**NEGLIGENCE: Ordinary Care—"Last Clear Chance"—Instructions.** An instruction that the jury might find defendant negligent if he knew or in the exercise of ordinary care ought to have known that plaintiff's truck was in a place of danger in time to stop the car and avoid the injury, and did not do so, is not a statement of the "last clear chance" doctrine.

**NEGLIGENCE: Failure to Stop Car—Evidence—Speed of Car.** Under an assignment of negligence in that defendant negligently failed to stop its car and avoid the injury, evidence as to the *speed* of the car is admissible, even though the speed of the car was not specifically assigned as negligence.

**EVIDENCE: Value—Article Bought of Reputable Firm—Competency of Witness.** Witness held competent to testify to the value of an axle for a truck, even though the axle in question was the only one he had ever bought, and he judged of its value from the fact that he bought it of a reputable firm dealing in such articles, and believed the price they charged was the reasonable value.

**APPEAL AND ERROR: Omnibus Assignments Disregarded.** An
6 omnibus assignment of error covering numerous items or points,
for an understanding of which the court must search through
the abstract or transcript, will be disregarded.

**APPEAL AND ERROR: Cross-Examination—Harmless Error.**
7 Where a witness had testified that after he had warned de-
fendant of the danger, the defendant rang the bell yet did not
stop, it was perfectly proper to ask the defendant on cross-
examination whether he did ring the bell. An answer, ''I can't
remember whether I did or not'' is especially harmless.

*Appeal from Polk District Court.*—HON. C. S. BRADSHAW,
Judge.

FRIDAY, JUNE 18, 1915.

ACTION at law to recover damages for an injury to a de-
livery wagon or truck owned by plaintiff, alleged to have
been occasioned by the negligence of defendant's servants.
There was a verdict for plaintiff for $148.69, and from the
judgment entered thereon, the defendant appeals.—*Affirmed.*

*Parker, Parrish & Miller,* for appellant.

*Miller & Wallingford* and *O. H. Miller,* for appellee.

WEAVER, J.—The defendant operates a street railway
system in the city of Des Moines. The plaintiff carries on a
wholesale fruit and produce business in the same city and
makes use of an auto truck for the delivery of goods sold to
local retail merchants. On January 12, 1912, the plaintiff, hav-
ing occasion to deliver certain goods at the store of Moon
Brothers, which fronts south upon Easton Boulevard, one door
west of its intersection with East Twenty-fourth Street, sent
an employee, one Hablitz, to perform that service. Along
the middle of the boulevard in front of Moons' store is the
track of the defendant's Walker Street line. This line ends
at Twenty-fourth Street, where cars coming from the west
on the boulevard make the turn for their return trip by the
use of a ''Y,'' which extends north the necessary distance on

Twenty-fourth Street. On the corner lot between Moons' and Twenty-fourth Street is a drug store which, to a greater or less extent, serves to hide the view of a car on the "Y" from a person in the street in front of Moons'. There was snow on the street, but its depth and the extent and size of the drifts and the obstruction therefrom, if any, to the convenient use of the street are matters upon which there is considerable conflict in the evidence. On the occasion now under inquiry, plaintiff's employee drove the truck to the front of Moons' store for the purpose of delivering the goods. While he was so engaged, one of the defendant's cars which had been out on the "Y" track came back around the corner into the boulevard and into collision with the standing truck, causing the injuries complained of. Alleging that such collision and injury were occasioned by the negligence of defendant's servants in the management of the car, and without contributory negligence by plaintiff or its employee, this action is brought to recover damages. The negligence charged is alleged to have been manifested (1) in failure to exercise due care to stop the car and thus prevent the collision; and (2) in the further fact that the truck was standing at rest and merchandise was being unloaded therefrom in plain view of the persons managing the car, who failed to heed the signal or alarm given by the driver or to stop and give him opportunity to move the truck to a position of safety. The allegations of the petition are denied by the answer.

I. Appellant submits the proposition that there is no substantial showing of negligence on its part, and that a verdict should, therefore, have been directed in its favor.

1. NEGLIGENCE: when not disturbed on appeal.

Bearing in mind the elementary rule that, the jury having found the defendant negligent as charged, the court on appeal will not disturb the finding if the evidence, when given its most favorable construction in plaintiff's behalf, affords any reasonable or substantial support therefor, we have no trouble in saying that the objection is not well taken. The evidence on the part

of plaintiff fairly tends to show that, from the moment the
car came from behind the screen afforded by the drug store,
the truck was in plain view of the motorman; but he con-
tinued around the curve a distance of thirty to thirty-five
feet into the boulevard and into the collision without stop-
ping, although the driver of the truck, standing upon the
track at or near the rear of the truck, threw up his hands
and signaled him to stop. According to the motorman's own
statement, he was moving very slowly—about one mile per
hour—and he could readily have avoided the accident. He
says, "When we were coming around the curve I think we
were going not over a mile an hour and I was just taking my
time in coming around the curve. I was moving slowly.
When I got toward the curve I noticed the auto there close
to the track." He further states that, as he came up to the
truck, he noticed it was close, but the front end of the car
cleared it and he continued his course until the rear steps,
which projected outward beyond the body of the car, hit the
truck. Plaintiff's testimony is to the effect that the car was
moving more rapidly, perhaps five miles an hour, and raked
its whole length against the truck. It is a fair inference from
his own statement that the motorman knew the nearness of the
truck to the railway track; but finding in his slow approach
that the front end of his car was clearing the obstruction, he
forgot for the moment the danger to be apprehended from the
projecting steps at the rear, and thus brought about the injury.
If so, the question of his negligence was clearly one for the
jury. And even if he was not forgetful and continued to
move his car in the honest belief or opinion that there was
room for him to pass without colliding with the truck, the
position of which was directly under his eye, it would still
be a question of fact and not of law whether he was exercising
that reasonable measure of care that his duty required. Still
again, the jury could have found under the evidence that
Hablitz, standing upon the track, signaled the car in time to
stop before reaching the truck, and if this be true, it could

well be said that the motorman saw it, or, in the exercise of due care, ought to have seen it, and his failure to heed it was negligence.

II. Is the plaintiff's driver chargeable with contributory negligence as a matter of law? This is affirmed by the appellant on the ground that the driver stopped the truck at a

2. NEGLIGENCE: vehicle in known place of danger: contributory negligence.

place where he knew it would not clear a passing car. In our judgment, this fact, if conceded, does not conclusively negative the exercise of reasonable care on his part. He was not a trespasser. He could rightfully stand his truck in position to enable him to unload his goods. According to his testimony, the street was blocked with snow, which was to some extent heaped and drifted, leaving just room enough for a wagon. The width of the passable part of the street between the track and Moons' store, he estimates at six feet, and his truck was ten and a half feet in length. He stopped with the front end of the truck nearest the store, the body of the vehicle angling to the west and the rear end nearer to the car track. The car in question was out of sight on the "Y" and he did not know of its presence until it came past the end of the drug store to take the curve in his direction. There was evidently not time for him then to mount the truck, start his engine and move out of the way, and he sought to stop the car by standing on the track and signaling the motorman. While he says, in one part of his testimony, with reference to the place where he stood his truck, "If I knew of the car I would have drove up so he would have cleared," and also stated that he knew it was not in the clear, he further testified:

"If I had known I was going to hit there, I could not have driven up a little farther; the snow was too deep. I won't say it was three feet, but deep enough so I could not get in there. I understand these motors and what they can do, so I did not try it. I was not scared of the car hitting

me and wrecking me, it would take only five minutes to unload the stuff. I made no attempt to go farther in, for I knew I could not get in any further."

There was evidence on the part of the appellant denying the existence of any serious obstruction of the street by snow and indicating that the truck could have been driven nearer the curb, but the conflict is not for this court to decide. In no aspect of the evidence can we say it shows conclusively a want of care by the driver. As already suggested, he was rightfully in the street and engaged in the performance of a lawful act which was, at most, a matter of a few short minutes. If, in view of the condition of the street, he used reasonable care to so place his truck as not to unnecessarily obstruct the use of the public way by others, including the railway company, and was proceeding promptly to discharge his load, it would be a most arbitrary holding to charge him with negligence as a matter of law, even though he knew that his vehicle did not wholly clear the street car track. The court did not err in submitting the question of contributory negligence to the jury.

Quite parallel in point of principle is the recent Massachusetts case of *Donovan v. Ry. Co.*, 99 N. E. 956. In that case, the plaintiff, driving a delivery wagon, backed up in front of a store and was in the act of unloading goods, when the wagon was struck by a passing street car. Upon appeal from a verdict by the plaintiff, it was argued, as it is here, that the driver was negligent, but the court said:

"It could not be ruled as a matter of law that the plaintiff was not in the exercise of due care. He had the right to back his wagon up to the store as he did and he testified before doing so, 'I looked up and down the street for a car, but saw none.' It was for the jury to say whether, in view of the frequency with which cars came along the track, he should have looked again before or while attempting to unload

the barrel, or whether he did all that could be done to avoid an accident after he heard the gong or saw the car."

There is nothing in any of our cases which requires a different conclusion on our part, and the rule which we here apply is in strict accord with approved principles governing the use of public streets and highways.

III. Error is assigned upon the giving of the sixth paragraph of the court's instructions to the jury because it is said to charge the jury upon the doctrine of the last fair chance. The following extract from the paragraph criticised sufficiently indicates its effect:

3. NEGLIGENCE: ordinary care: "last clear chance": instructions.

"It was the duty of defendant's employes, in charge of said car, to exercise ordinary care to determine whether or not plaintiff's auto truck was in a place of danger, and to avoid the injury thereto. If said employes, or either of them, knew, or in the exercise of ordinary care should have known, that plaintiff's auto truck was in a place of danger, in time to stop said car and avoid the injury to said auto truck, and failed to so stop the car, you would be justified in finding the defendant guilty of negligence."

This, it will be readily seen, is not a statement of the last fair chance principle, but rather a clear and explicit statement of the duty of the persons in charge of the car to keep proper lookout as they moved through the street to avoid collision with other persons or vehicles rightfully being or moving upon the public way. That there is a duty to keep such lookout and to avoid injury to others whom the company's servants see or ought to see in a place of danger and that failure in this respect is negligence is too thoroughly settled to permit argument or citation of cases. But see *Barry v. Ry. Co.*, 119 Iowa 62, and the later cases in which that precedent has since been cited and followed.

We may add also that, even if the instruction challenged could be construed as a statement of the rule to which appellant objects, it would not be erroneous. For, assuming that Hablitz was negligent in the placing of his truck, no peril arose therefrom until the street car came around the corner; and there is evidence from which the jury could find that, upon its appearance, Hablitz at once sought to avert the collision by signaling the motorman in time for the latter to stop. If the motorman saw the signal and failed to stop, or if he failed to see it because of his want of proper attention to his duties, then he was negligent and appellant would be liable for the damages, notwithstanding the prior negligence of the driver. On this point, see *Barry Case, supra; Lalson v. Transit Co.* (Mo.), 91 S. W. 109; *Keeney v. Ry. Co.* (Mass.), 96 N. E. 73; and the *Donovan Case, supra.*

IV. Numerous errors are assigned upon rulings admitting and rejecting testimony. Of these, we mention the following:

The court permitted the plaintiff to testify to the speed at which the car was moving, and this is said to be erroneous because the petition did not charge excessive speed as a ground of negligence. The speed of the car was, nevertheless, a legitimate subject of inquiry. Negligence was charged in the failure of the appellant to stop its car and avoid the injury. Whether the motorman could or could not have stopped the car by the use of prompt and reasonable care depended in a material degree upon the rate at which he was moving. He himself says he was moving very slowly and had his car under perfect control, and if this be true, so much the more readily could he have observed the signals given and brought the car to a standstill before striking the truck. The evidence was properly admitted.

4. NEGLIGENCE: failure to stop car: evidence: speed of car.

It was a part of plaintiff's claim that the injury to the truck necessitated the furnishing of a new axle, and witness,

having testified that he knew the value of the one obtained for
that purpose, said it was worth, delivered,

**5. EVIDENCE: value: article bought of reputable firm: competency of witness.** $45.00. On cross-examination, he said this was the only axle he had ever purchased and that he judged of its value from the fact that he bought it from a reputable firm engaged in

that business and believed that the price they gave was its
fair value. Thereupon, appellant moved the court to with-
draw from the jury the testimony of the witness on this
point, and the motion was overruled. The fact that the
abstract does not state the grounds assigned for the motion
is reason enough for not sustaining the exception. If we
would be authorized to assume that the ground relied upon
was the incompetence of the witness to testify to values, we
still think the ruling not erroneous. The witness himself
bought the axle in the market of a dealer engaged in that
business, and while he may not have been an expert on that
subject, he was not disqualified to give an opinion. More-
over, another witness, a dealer in such articles, testified, giv-
ing the same estimate of the value of the axle, and no witness
attempts to place the value at any smaller figure.

Again, it is said that the court erred in permitting the
witness Lyon to testify to certain items of expense or damage
mentioned and numbered 7 to 17. It is a familiar rule fre-

**6. APPEAL AND ERROR: omnibus assignments disregarded.** quently applied in this court that an omnibus exception or assignment of error covering numerous items or points, for an understanding of which the court must search through

the abstract or transcript, will not be considered.

Hablitz testified that, when he signaled the car to stop,
the motorman rang the bell but continued to come on. The
motorman, having testified for the appellant, was asked on

**7. APPEAL AND ERROR: cross-examination: harmless error.** cross-examination whether he rang the bell as he approached the truck, and over the objection, was allowed to answer, "I can't remember whether I did or not." So also,

upon cross-examination of the conductor, he was asked how

far the car step projected into the street, and over like objection, answered, ''I can't say how far it would.'' It seems hardly necessary to say that these questions and answers, whether strictly cross-examination or not, can, upon no reasonable theory, be held in the least degree prejudicial to the appellant. The fact called for in each case was pertinent and proper for the consideration of the jury; but in each instance, the witness in substance simply answered that he did not remember. The assignment of error in this respect is without merit.

We shall not extend this opinion to consider the other assignments. So far as they fairly arise upon the record, they are sufficiently covered and ruled by the conclusions we have already announced. No good reason is shown for setting aside the verdict, and the judgment rendered thereon will be —*Affirmed.*

DEEMER, C. J., EVANS and PRESTON, JJ., concur.