**E. H. Eggleston, Plaintiff in Error, v. John T. Whitlock, Defendant in Error.**

**Gen. No. 30,873.**

1. Libel and slander—*what language not slanderous per se.* The words, "He is a crook; he swindled a brush man out of $20,-000," held not slanderous *per se.*

2. LIBEL AND SLANDER—*when count in slander based upon words not actionable per se subject to demurrer for want of inducement and colloquium.* A count in slander averring the speaking against plaintiff of words not slanderous *per se*, and containing no inducement alleging that the plaintiff was engaged in a trade, business or profession and no colloquium averring that the words were spoken of the plaintiff in his trade, business or profession, held subject to demurrer.

Error by plaintiff to the Circuit Court of Cook county; the Hon. JOHN A. SWANSON, Judge, presiding. Heard in the first division of this court for the first district at the March term, 1926. Affirmed. Opinion filed November 29, 1926.

A. D. GASH, for plaintiff in error.

MOSS, OLDS & LA RUE, for defendant in error; MILFORD H. OLDS, of counsel.

MR. JUSTICE JOHNSTON delivered the opinion of the court.

This is an action of slander brought by E. H. Eggleston, the plaintiff, against John T. Whitlock, the defendant.

The declaration contained two counts. The defendant demurred generally to each count. The court sustained the demurrer to the first count and overruled the demurrer to the second count. The defendant pleaded the general issue to the second count, and a trial was had before a jury on the second count.

At the close of the plaintiff's case the court instructed the jury to return a verdict in favor of the defendant. From the judgment on the verdict the plaintiff has prosecuted this writ of error.

The only ground on which the plaintiff asks for a reversal of the judgment is that the trial court erred in sustaining the demurrer to the first count of the declaration.

The pertinent part of the first count is that the defendant slandered the plaintiff by speaking in the

hearing of divers persons "the false, scandalous, malicious and defamatory words, 'He (meaning the plaintiff) is the worst kind of a crook (meaning that plaintiff is dishonest); he (meaning the plaintiff) swindled a brush man (meaning the owner of a brush factory) out of $20,000.' "

We are of the opinion that the trial court correctly sustained the demurrer to the first count, for the reason that the words are not *per se* slanderous, and the count contains no inducement alleging that the plaintiff was engaged in a trade, business or profession, and no colloquium averring that the words were spoken of and concerning the plaintiff in his trade, business or profession.

In Corpus Juris (vol. 36, p. 1169) the rule in regard to slanderous words *per se* is stated as follows: "An oral charge of dishonesty or rascality is not actionable *per se,* unless such charge is uttered or spoken of a person in his business or employment, or unless there is an imputation of the commission of a crime. Thus it is not actionable *per se* to say of a person that he is a blackleg, a cheat, a loafer, a pimp, a rascal, a rogue, a scoundrel, a swindler, or a villain. A charge of writing anonymous, scurrilous letters is not actionable *per se.*"

In the American & English Encyclopedia of Law (vol. 18, p. 866, 2nd ed.) it is said: "The common law does not give reparation for all derogatory or disparaging words. To make oral words actionable, unless special damage be shown, they must impute some offense against the law, punishable criminally, or the having a contagious disorder tending to exclude the party spoken of from society, or must be such as affect one injuriously in his office or trust, or in his trade, profession, or calling."

If the alleged defamatory words are not actionable on their face, but derive their defamatory import from extrinsic facts and circumstances, such extrinsic

facts and circumstances must be set forth and connected with the words charged by a proper averment. 13 Encyclopedia of Pleading and Practice 32, 33.

The general common-law rules in regard to slander have been followed in Illinois.

In the case of *Nelson v. Borchenius*, 52 Ill. 236, in which it was alleged that the plaintiff was a villain, a rascal and a cheater, meaning that the plaintiff was a villain, a rascal and a cheater in his business as a merchant, the court said in discussing the sufficiency of the declaration (p. 237):

"The declaration had already set forth the fact that the plaintiff was a merchant, and these averments sufficiently apply the slanderous words to his business. The words in this case, though not in themselves actionable, were, nevertheless, of such a character that, if spoken as averred, concerning the plaintiff in his trade as a merchant, they were actionable, without the averment of any other extrinsic circumstance to explain them than the fact that the plaintiff was such trader or merchant. The declaration meets these requirements. It avers the plaintiff was a trader, and that the words were spoken of him in his trade. This is sufficient in substance, and it is only objections going to the substance that can be heard upon this motion."

In the case of *Barth v. Hanna*, 158 Ill. App. 20, the court said (p. 25): "Where words are spoken of one in his trade or profession which tend to impair his credit or reputation and which tend to injure him in his trade or profession, the words are actionable *per se* without proof of special damage." (Citing *Nelson v. Borchenius, supra.*)

Counsel for the plaintiff contends that the words are actionable *per se*, and that therefore an inducement and colloquium are not necessary. In support of his contention counsel for the plaintiff cite the following cases: *Hunner v. Evening American Pub. Co.,*

175 Ill. App. 416; *Jacksonville Journal Co. v. Beymer,* 42 Ill. App. 443; *People v. Fuller,* 238 Ill. 116; *Miller v. Johnson,* 79 Ill. 58; *Elam v. Badger,* 23 Ill. 445. None of these cases is in point. They all involve actions for libel, not slander, and there is a material difference between the rules relating to libel and the rules governing slander. The distinction is stated in American and English Encyclopedia of Law (vol. 18, p. 863, 2nd ed.) as follows:

"As will appear more particularly hereinafter in considering the actionable quality of particular imputations, with regard to that species of defamation which is affected by writing or printing or by pictures and signs, and which is technically denominated libel, although in general the rules applicable to it are the same that would apply to verbal slander, yet in other respects it is treated with a sterner rigor than the latter, and it is well settled that an action may be maintained for the publication of written words when it could not be maintained for the publication of the same words by mere oral discourse, the rule being, in short, that oral words which tend to disgrace the person of whom they are spoken and which do not impute the commission of a crime are not actionable without proof of special damage, whereas written words the manifest tendency of which is seriously to hurt another's reputation are actionable without proof of special damage, even though the commission of no crime be imputed."

For the reasons stated in our opinion the judgment is affirmed.

*Affirmed.*

McSURELY, P. J., and MATCHETT, J., concur.