**Charles A. McDonald, Appellant, v. Chicago Daily News Publishing Company, Appellee.**

**Gen. No. 33,012.**

62

Opinion filed February 27, 1929.

BRUNDAGE, LANDON & HOLT, for appellant.

DENEEN, HEALY & LEE, for appellee; JOHN J. HEALY, of counsel.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This is an action of libel in which the declaration of one count charges as the gravamen of the offense that at the time of the publication the plaintiff was a duly licensed and qualified attorney at law, and also a "special State's attorney for the County of Cook and

State of Illinois," and that he was a resident and citizen of the City of Chicago and of good name, credit and reputation, etc., in the usual form; and also that he was a public man having been elected to public offices in the said City of Chicago, and that he was in the discharge of his duties as such special State's attorney and in the investigation concerning the death of one William H. McSwiggin.

To this declaration defendant interposed a general demurrer. This demurrer on hearing by the court was sustained and the plaintiff was ruled to file an amended declaration within 20 days. The foregoing order was entered on March 3, 1928; thereafter and on April 20, 1928, plaintiff came into court by his attorney and elected to stand by his declaration. Thereupon the court ordered that the suit be dismissed with a judgment of *nil capiat* and for costs, from which latter order plaintiff brings the record to this court for review by appeal.

The question presented by the record for our review and determination is,—did the declaration state a cause of action in libel against the defendant?

Plaintiff argues for reversal that the article counted upon in the declaration imputes to the plaintiff want of integrity in the discharge of his duties as an attorney at law and as special State's attorney of Cook county, and prejudices the plaintiff in his profession and in his office. Plaintiff insists that by the interposition of a general demurrer defendant admitted all the facts alleged in the declaration, or which can by fair and reasonable intendment be implied from its allegations. This is true to a limited extent. Such admission is restricted in its application to the matters which are well and sufficiently pleaded. *Cerveny v. Chicago Daily News Co.*, 139 Ill. 345, in which a *per curiam* opinion holds that "the demurrer admits all such facts alleged in the declaration as are well pleaded."

It is our opinion that the ruling of the trial court on the demurrer was correct and without error. The charge is that plaintiff was injured in his professional capacity as an attorney at law and in his public office as a "special State's attorney for Cook County." The law requires precision in charges of libel and in this case we find an utter lack of any averment that the plaintiff was a practicing attorney, licensed to practice his profession in Illinois, or that he practiced the same in the City of Chicago. For aught the court may know to the contrary, he was not practicing his profession within the limits of the State of Illinois. Therefore he could not be damaged professionally within the jurisdiction of this State. Furthermore there is no such office created by the statutes of this State as "special State's attorney of Cook County." There being no such office as "special State's attorney of Cook County" the plaintiff could not sustain any damage by reason of such publication.

It is true the court may appoint a person to act for the State's attorney on his application or that of any other citizen in interest where the State's attorney is interested in the subject matter of the litigation, or for any other reason made known to the court disqualified from conducting the litigation in hand. Such appointment is special and confined to one case or to a series of cases, beyond which such appointee has no power of action. However, he is not a special State's attorney. He is really acting in the place of the State's attorney, and such appointments, when challenged, have been held to be legal by our Supreme Court. Nevertheless it is not an office any more than is that of an assistant to the State's attorney. The appointment of the plaintiff was to conduct an investigation, as appears from the so-called offending publication, into the matter of the murder of William H. McSwiggin. He could not be financially damaged because there is no law establishing such office or providing for any emolument therein.

The article counted upon in the declaration is not libelous *per se*, and to maintain an action for libel in such circumstances special damage must be alleged. The averment, without special inducement by way of extrinsic recital, that the plaintiff was injured in his profession or in his public office is a conclusion of the pleader and makes the pleading vulnerable to a demurrer. In *Eggleston v. Whitlock*, 242 Ill. App. 379, the court announced the rule of pleading in a slander case, which is likewise applicable to a case in libel. It said:

"We are of the opinion that the trial court correctly sustained the demurrer to the first count, for the reason that the words are not *per se* slanderous, and the count contains no inducement alleging that the plaintiff was engaged in a trade, business or profession, and no colloquium averring that the words were spoken of and concerning the plaintiff in his trade, business or profession."

And further said:

"In general the rules applicable to libel are the same that would apply to verbal slander."

In *People v. Spielman*, 318 Ill. 482, the court said:

"Where the alleged defamatory words are ambiguous or equivocal and require explanation by reference to some outside or extrinsic matter to show that they are actionable, it must be expressly stated that such matter existed and that the defamation related thereto. The allegation thus required is called the inducement or statement of extrinsic matter. The colloquium is an averment which connects the defamatory words with the complaining party and with the extrinsic matters, if any, set forth by way of inducement. The office of the innuendo is to aver the meaning of the language published. (*McLaughlin v. Fisher*, 136 Ill. 111; Newell on Slander and Libel,—4th ed.—secs. 527, 538, 542, 543.)"

None of these requirements is furnished by the averments of the declaration before us. The most that can be said for the so-called libelous article is that it charged the plaintiff with neglecting his duty as prosecutor and not effectively prosecuting the investigation in the McSwiggin case. In *Davis v. Ferguson,* 246 Ill. App. 318, it was expressly held that such a charge is not libelous *per se.* In the *Davis* case, *supra,* the court quotes from the rule laid down in 36 Corpus Juris 1168, as follows:

"The conduct charged must be of such a nature as to reflect upon the character and integrity of the plaintiff and to subject him to a loss of public confidence and respect; and a writing, although charging wrongful conduct or dereliction of duty, is not libelous *per se,* within the meaning of the rule, unless it imputes a dishonest or fraudulent motive or interest."

In the publication complained of there is no imputation of dishonesty or fraudulent motive against plaintiff. This doctrine is forcefully expounded in *City of Chicago v. Tribune Co.,* 307 Ill. 595, in which the court *inter alia* said:

"It follows, therefore, that every citizen has a right to criticise an inefficient or corrupt government without fear of civil as well as criminal prosecution. This absolute privilege is founded on the principle that it is advantageous for the public interest that the citizen should not be in any way fettered in his statements, and where the public service or due administration of justice is involved he shall have the right to speak his mind freely. . . .

"We consider the question solely from the standpoint of public policy and fundamental principles of government. For the same reason that members of the legislature, judges of the courts and other persons engaged in certain fields of the public service or in the administration of justice are absolutely immune from actions, civil or criminal, for libel for words published

in the discharge of such public duties, the individual citizen must be given a like privilege when he is acting in his sovereign capacity. This action is out of tune with the American spirit and has no place in American jurisprudence.''

It may be urged that the cases quoted are not applicable because the plaintiff held no public office, but we quote them for the purpose of demonstrating that the office which he claimed to hold could not by any legerdemain be construed into being a public office in the absence of a statute creating such office. While plaintiff did not hold a public office, he did hold a public position and therefore his conduct was properly the subject of criticism. *Salinger v. Cowles,* 185 Iowa 874, and *State v. Grinstead,* 10 Kan. App. 74, are to a like effect.

On the point in question, as to criticism of a public officer, as in the *Tribune* case, in *Limbach v. Reinbold,* 239 Ill. App. 49, this court said:

''A consideration of the following cases, *City of Chicago v. Tribune Co.,* 307 Ill. 595; *Sullivan v. Illinois Publishing & Printing Co.,* 186 Ill. App. 268; *Herrick v. Tribune Co.,* 108 Ill. App. 244, leads to the conclusion that the publication in question was not libelous. Printed and published criticism of an official, such as a village attorney, is not necessarily libelous, simply because it is unjust. To be actionable, a fair interpretation of it must bring about the conclusion that the one to whom the publication pertains may be hurt in some serious and substantial manner.

''All good men in offices of public trust are, and should be, hypersensitive to unjustifiable derogatory criticism; and that they generally are is evidence of their anxiety that the truth alone should be known and published; nevertheless, the law having regard to what is efficacious and practical, as well as to what is right and true, does not shield them, at least in political campaigns, from all that hurts, but only from that which

being untrue, tends quite directly to material and substantial harm.''

Many other authorities in this State might be cited which would sustain the rule in the cases above cited.

Neither in *Lavin v. Cook County Com'rs,* 245 Ill. 496, nor in *People v. Newsome,* 291 Ill. 11, did the court pass upon the question of the existence of the office in law of ''Special State's Attorney.'' The point was not raised in either case, nor decided. The cases simply held that the court did not err in appointing in one case Mr. Loesch and in the other Mr. Miller to act in the place of the State's attorney in the proceedings there named. There is no case in our reports which decides that there is an office created by law of ''Special State's Attorney.''

The superior court did not err in sustaining the demurrer of defendant to the plaintiff's declaration, and on plaintiff's electing to stand by his declaration, did nor err in entering the judgment of *nil capiat* and for costs involved in this appeal.

For these reasons the judgment of the superior court is affirmed.

*Affirmed.*

WILSON and RYNER, JJ., concur.